**FILED**

JUN - 2 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

In The United States District Court
For The District Of Columbia

Antoine Placide #A41051926
Petitioner, Pro-Se
110 Prison Road
Braithwaite, LA.
70040
Vs. Plaquemine Detention Ctr.

Alberto Gonzalez,
United States Attorney
General; Michael Chertoff,
Secretary of Homeland Security,
Respondents

Civil Case No.

CASE NUMBER 1:05CV01106

JUDGE: Reggie B. Walton

DECK TYPE: Habeas Corpus/2255

DATE STAMP: 06/02/2005

Petition for Writ Of Habeas Corpus Pursuant
To 28 U.S.C. § 2241

By: _____

Antoine Placide,
Petitioner, Pro-Se.

1

Now comes Petitioner in the above-captioned cause and respectfully asks this Honorable court to construe his brief liberally because He is pro-se, and not educated in law. Haines V. Kerno, 404 U.S. 519, 520-21 (1992); Hall V. Bellmon, 935 f. 2d 1106, 1110 (10th cir. 1991).

Petitioner hersby petitions this Honorable court for the grant of a writ of Habeas Corpus pursuant to 28 U.S.C. §2241 because, He is being ~~unconstitution~~ detained in violation of the laws and constitution of the United States, because He is a citizen of the United States of America.

## Custody

Petitioner is now in the custody of the Homeland Security at the Plaquemine Parish Detention Center, in Braithwaite Louisiana, for imminent Deportation to Haiti.

# Procedural History

Petitioner is a 30 years old American citizen by acquisition, who was born in Haiti, in 1974. He entered the United States in Miami, Florida, on June 6th, 1986, as a permanent resident of the United States.

Petitioner resided in Washington D.C. with his biological father, Moise Placide, who became a naturalized United States citizen on October 11th 1983, Petitioner was nine (9) years old at the time of his father's naturalization. See EXHIBIT 1

Petitioner was legally adopted by his natural father on September 3, 1981. In his application for naturalization, Petitioner's father listed him as one of his dependent children. See EXHIBIT 2.

Petitioner grew up in the custody of his father and step mother, Ociana Placide who is also a naturalized United States citizen. Petitioner has

A BROTHER AND SISTER, BOTH OF WHOM ARE U.S. CITIZENS. PETITIONER'S BROTHER PATRICK PLACIDE, IS A NATURALIZED CITIZEN, AND HIS SISTER MARJORIE PLACIDE IS A U.S. CITIZEN BY BIRTH, PETITIONER'S OTHER SISTER, MARILYN PLACIDE IS ALSO A U.S. CITIZEN. PETITIONER'S WIFE, ALICIA PLACIDE IS A UNITED STATES CITIZEN BY BIRTH. PETITIONER AND HIS WIFE HAVE THREE UNITED STATES CITIZEN CHILDREN, LEXUS, KAPLAN AND TZIAH, WHO ARE UNDER HIS CARE.

## STATEMENT OF FACTS

PETITIONER IS A RESIDENT OF WASHINGTON D.C., AT 5330 5TH STREET, N.W. PETITIONER ATTENDED BELL MULTI-CULTURE HIGH SCHOOL IN WASHINGTON, D.C.. HE ALSO ATTENDED LINCOLN TECH INSTITUTION, WHERE HE STUDIED TO BE AN AUTO TECHNICIAN.

PETITIONER HAS THREE MINOR CRIMINAL CONVICTIONS. IN 1993 HE WAS CONVICTED OF POSSESSION OF MARIJUANA WITH INTENT TO DISTRIBUTE, FOR WHICH HE SERVED SIXTY (60) DAYS IN JAIL.

(3)

Petitioner was also convicted in 1995 for unauthorized use of a motor vehicle, for which he received a sentence of 90 days in jail and two years probation in Washington D.C.

In 1996 Petitioner was convicted of possession of one cigar of marijuana, for which a sentence of one year probation was imposed in Montgomery, MD.

Petitioner had three contacts with INS after each of his convictions, supra, and on each occasion he was declared to be a citizen of the United States pursuant to 8 U.S.C. §1432(b); INA §321(b).

However in 2002, while Petitioner was serving his probation violation on his unauthorized use of motor vehicle conviction, he was moved to Winton, North Carolina's Rivers Correction Detention Center.

Subsequently the immigration court in Atlanta, became the venue for Petitioner's removal hearing. Petitioner filed a change of venue motion, but it was denied.

(4)

On May 7th, 2002, the INS took custody of Petitioner and detained him at the York County Detention Center for two (2) months, after which he was released on the basis of the fact that he is a U.S. Citizen.

In the mean time, the Petitioner continued travelling to and fro Washington D.C. to Atlanta. On the advise of Counsel, Petitioner did not go to Court on the last day of hearing, and was ordered deported in absentia. That final order was entered on May of 2003.

On January 29th, 2004, Petitioner was again arrested for Parole violation and was again sent to Prison in Winton, North Carolina. Petitioner was again released on September 29th, 2004, but the Service placed a detainer on him. Petitioner was subsequently picked up by the Service, and on October 5th Petitioner arrived in Water Proof, Louisiana, and subsequently transferred to Plaquemine Parish Detention Center, where he is now detained.

(5)

## JURISDICTION

In believing that this Honorable Court has subject matter jurisdiction to entertain this Habeas Action, the Court is respectfully asked to rely on the Supreme Court's ruling in Rumsfeld v. Padilla, U.S. 124 S. Ct 2711, 542 (2004).

In Padilla, supra, the Supreme Court, drew a clear cut distinction between "Core" and "Non-Core" Habeas Actions. The "Core" Habeas, explained the Supreme Court, "are those that challenge their physical detention itself — and then applied the immediate Custodian Rule. The Supreme Court concluded that the Commander of the Brig where Padilla was physically confined was the proper respondent to the Habeas Action.

The Court in Padilla provides that the immediate Custodian Rule only applies to Core Habeas Challenges, where the Petitioner challenges his immediate physical confinement.

Habeas Petitions filed by Alien detainees are not "Core" challenges because they challenge a final Agency decision either from the Attorney General, the Board of Immigration Appeals or the Department of Homeland Security to Remove Petitioner from the U.S.

(6)

Therefore the proper respondents for "non-core" Habeas actions is the person with the legal authority over the detainee — the legal custodian. In this instant case, the Attorney General, and the Secretary of the Homeland Security, because both men have the authority to release or detain aliens deemed deportable. See Braden v. 30th Judicial ~~District~~ Circuit Court of Kentucky, 410 U.S. 484 (1973); Strait v. Laird, 406 U.S. 341 (1972). Another recent case in which the Supreme Court held that the legal custodian was the proper respondent is Rasul v. Bush, 124 S. Ct. 2686, ___ U.S. ___ (2004).

From the foregoing, Petitioner respectfully asserts that this Honorable Court has jurisdiction to entertain this Habeas action. This Honorable Court can serve process either directly to the respondents or through their representatives.

Both respondents can affectuate any remedy that petitioner seeks. Ahrens v. Clark, 335 U.S. 188 (1948). Thus the Attorney General is the proper legal custodian.

THE FIELD OFFICE DIRECTOR IS SUBJECT TO THE
JURISDICTION OF ~~_____~~ D.C. DISTRICT.

THE COURT HAS JURISDICTION OVER I.C.E. FIELD
OFFICE DIRECTOR IN NEW ORLEANS ("NOW IN CHARGE"). PERSONAL
JURISDICTION OF A FEDERAL COURT OVER A NON-
RESIDENT DEFENDANT IS GOVERNED BY THE LAW OF THE
STATE IN WHICH THE COURT SITS, SUBJECT TO CONSTITU-
TIONAL LIMITATION. ROBINSON V. OVERSEAS MILITARY SALES CORP.,
21 F. 3d 502, 510 (2nd CIR. 1994).

THE "LONG-ARM" STATUTE OF THE DISTRICT OF COLUMBIA
PROVIDES JURISDICTION OVER A DEFENDANT IN ANOTHER STATE,
IF HE TRANSACTS ANY BUSINESS IN WASHINGTON D.C.

IN THIS CASE THE RESPONDENTS THEMSELVES LIVE AND
TRANSACT BUSINESS DAILY IN WASHINGTON D.C.

BECAUSE PETITIONER CLAIMS THAT HIS DETENTION IS
UNLAWFUL AND UNCONSTITUTIONAL, THIS HONORABLE COURT
HAS JURISDICTION TO ENTERTAIN THIS HABEAS ACTION.

BECAUSE PETITIONER CLAIMS THAT HIS DETENTION VIOLATES
THE LAWS AND CONSTITUTION OF THE UNITED STATES THIS
HONORABLE COURT HAS JURISDICTION PURSUANT TO 28 U.S.C.
§2241, 28 U.S.C. §1651 - THE "ALL WRITS ACT" AND UNDER
THE CONSTITUTION OF THE UNITED STATES, TO ENTERTAIN THIS
HABEAS ACTION.

# ARGUMENT

PETITIONER HEREBY RESPECTFULLY ARGUES THAT BECAUSE PETITIONER IS A UNITED STATES CITIZEN, HE MAY NOT BE BOUND BY THE UNITED STATES IMMIGRATION LAW, WHICH IS DESIGNED FOR NON-CITIZENS. ACCORDINGLY, PETITIONER RESPECTFULLY ADVANCES THE FOLLOWING TWO ISSUES FOR THE COURT'S REVIEW: 1) WHETHER IT IS LEGAL TO REMOVE A UNITED STATES CITIZEN THROUGH ITS IMMIGRATION LAW; 2) WHETHER DETENTION OF PETITIONER DOES NOT VIOLATE THE CONSTITUTION OF THE UNITED STATES.

**Issue # 1:** WHETHER IT IS LEGAL TO REMOVE A UNITED STATES CITIZEN THROUGH THE APPLICATION OF IMMIGRATION LAW.

PETITIONER WHO ACQUIRED CITIZENSHIP AT THE AGE OF NINE(9) YEARS IS NOW BEING THREATENED WITH REMOVAL TO HAITI, A COUNTRY WITH WHICH HE HAS NO TIES. HIS CITIZENSHIP STATUS WAS ATTAINED OR ACQUIRED PURSUANT TO 8 U.S.C. §1432(b), INA §321(b).

PETITIONER'S STATUS AS A UNITED STATES CITIZEN WAS AFFIRMED ON THREE SEPERATE OCCASIONS.

Petitioner three ~~different~~ SEPARATE contacts with the INS, in 1993, 1998 and in 2001, and on all three occasions the INS concluded that Petitioner is an American (U.S.) citizen. During one of those contacts the INS agent retrieved documents from Petitioner's father's file evidencing his citizenship. Please see the ~~attached~~ exhibits evidencing his acquisition of United States citizenship. To attempt now to declare him an alien would violate the law and constitution of the United States. The constitution of the United States bars the application of immigration laws to United States citizens.

The fourteenth XIV of the United States constitution states "All persons born or naturalized in the United States and to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the priviledges or immunities of the United States; nor shall any state deprive any person of life, liberty or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of laws."

Petitioner respectfully asserts that the priviledges and and immunities afforded him is being violated by the B.I.C.E. Petitioner also asserts that his equal protection rights under the (XIV) amended is being denied, and respectfully asks this court order the B.I.C.E. to stop it forthwith.

(10)

ISSUE #2:  WHETHER THE DETENTION OF PETITIONER DOES
           NOT VIOLATE THE CONSTITUTION OF THE UNITED
           STATES.

ASSUMING ARGUENDO THAT PETITIONER IS NOT A
UNITED STATES CITIZEN BUT A DEPORTABLE ALIEN, HIS
DETENTION WILL STILL VIOLATE THE LAW AND CONSTITUTION
OF THE UNITED STATES.
    THE UNITED STATES SUPREME COURT HAS WEIGHED
IN ON THIS VIA ITS PRECEDENT IN ZADVYDAS V. DAVIS, 121
S.Ce 2491 (2001). IN ZADVYDAS THAT POST REMOVAL/DEPORTATION
DETENTION SHOULD NOT EXCEED 6 MONTHS, BECAUSE SUCH
DETENTION IS PURSUANT TO INA §241(a)(3); 8 U.S.C. §1231(a)(3).
INA §241(a)(3) COMPELS DETENTION AFTER FINAL ORDER OF
REMOVAL, TO BE LIMITED TO 90 DAYS, AFTER WHICH IF DEPORTATION
IS NOT AFFECTED, "THE ALIEN SHALL BE SUBJECT TO SUPERVISION
UNDER REGULATIONS PRESCRIBED BY THE ATTORNEY GENERAL."
    IT IS THEREFORE CLEAR THAT THE PURPOSE OF POST REMOVAL
DETENTION IS TO AFFECT EXPEDITED REMOVAL, AND WHERE THAT
IS NOT POSSIBLE, CONTINUED DETENTION IS NO LONGER PERMITTED
BECAUSE SUCH DETENTION NO LONGER SERVES THE PURPOSE OF THE
LAWS.
    HOWEVER IN ZADVIDER, SUPRA, THE SUPREME COURT IN
DIFFERENCE TO THE GOVERNMENT, EXTENDED SUCH TIME OF
DETENTION TO SIX (6) MONTHS AFTER WHICH IT BECOMES
IMPERMISSIVE OR UNCONSTITUTIONAL, UNLESS SUCH REMOVAL

IS REASONABLY FORESEEABLE" IN THE NEAR FUTURE.

IN THIS INSTANT CASE PETITIONER HAS BEEN DETAINED FOR far MORE THAN THE SIX (6) MONTHS CONTINUED ALLOWED UNDER ZADVYDAS, AND HIS DETENTION VIOLATES THE UNITED STATES CONSTITUTION.

WHEN THE face OF PETITIONER'S UNITED STATES CITIZENSHIP IS factored INg PETITIONER'S CONTINUED DETENTION VIOLATES THE CONSTITUTION AND OUTRAGEOUS AND MAY NOT BE CONDONED.

PETITIONER Respectfully ASKS THIS HONORABLE COURT TO REMEDY THIS VIOLATION OF PETITIONER'S CIVIL RIGHTS, AND AVOID CAUSING HIM FURTHER IRREPARABLE HARM. AND IT IS CLEAR THAT THERE IS NO REMEDY AT LAW FOR IRREPARABLE HARM

FOR THE FORGOING REASONS, THE RELEASE OF PETITIONER SHOULD BE ORDERED BY THIS HONORABLE COURT.

## PRAYER

PETITIONER Respectfully ASKS THIS HONORABLE COURT, FOR GOOD CAUSE SHOWN AND OTHER SUCH GOOD CAUSE NOT MENTIONED, TO ORDER AN IMMEDIATE STAY OF REMOVAL, AND FURTHER TO ORDER PETITIONER'S IMMEDIATE RELEASE FROM CUSTODY, AND ALLOW HIM THE OPPORTUNITY TO APPLY FOR HIS UNITED STATES PASSPORT. THE COURT SHOULD ALSO ORDER THE I.C.E. TO STRIKE ITS REMOVAL ORDER AGAINST PETITIONER.

EXECUTED ON THIS THE 27TH DAY OF MAY, 2005.

RESPECTFULLY SUBMITTED,

By: _____

ANTOINE PLACIDE, PRO-SE
P.P.D.C.
110 PRISON ROAD, #F
BRAITHWAITE, LA 70040.



Antoine Premice Placide (A41-051-926)

Explanation as to basis of acquiring U.S. citizenship:

1. Antoine Premice born 06/13/1974 to Anna Premice, natural mother who was not married to the natural father, Moise Placide. Moise Placide's name is not on the Birth Certificate.

2. 09/03/1981 Moise Placide adopts his natural son, Antoine Premice and his name becomes Antoine Premice Placide.

3. 10/11/1983 Moise Placide becomes a U.S. Citizen.

4. 06/06/1986 Antoine Premice Placide enters the U.S. as a Legal Permanent Resident.

5. Therefore, Antoine Premice Placide is a U.S. Citizen because he was born out of wedlock and entered into the U.S. in the custody of his U.S. Citizen parent (who had legally adopted him), Moise Placide before the age of 18.

05 1106

**FILED**

JUN - 2 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES OF AMERICA

No. 11785124

**ORIGINAL**

Petition No. 51879

Personal description of holder as of date of naturalization: Date of birth September 15, 1942 sex male
complexion dark color of eyes black color of hair black height 5 feet 6 inches
weight 150 pounds visible distinctive marks none
Marital status married

*I certify that the description above given is true, and that the photograph affixed hereto is a likeness of me.*



Moïse Placide
*(Complete and true signature of holder)*

UNITED STATES OF AMERICA
DISTRICT OF COLUMBIA } ss:

*Be it known that, at a term of the* United States District Court *for the District of Columbia* held pursuant to law at Washington
on October 11, 1983 *the Court having found that*

MOISE PLACIDE

*then residing at* 5330 5th St., N.W., Washington, D.C. 20011
*intends to reside permanently in the United States (when so required by the
Naturalization Laws of the United States), had in all other respects complied with
the applicable provisions of such naturalization laws, and was entitled to be
admitted to citizenship, thereupon ordered that such person be and (s)he was
admitted as a citizen of the United States of America.*

*In testimony whereof the seal of the court is hereunto affixed this* 11th
*day of* October *in the year of our Lord nineteen hundred and*
eighty-three

JAMES F. DAVEY Court
U.S. District Clerk of the

By _____ Deputy Clerk

IT IS PUNISHABLE BY U.S. LAW TO COPY,
PRINT OR PHOTOGRAPH THIS CERTIFICATE

# BALTIMORE RH TYPING LABORATORY

## UNIVERSITY SQUARE □ 11 SOUTH PACA STREET
### BALTIMORE, MD. 21201 □ (301) 539-4321



MARCH 22, 1984

TO: DR. RUSSO, PORT-AU-PRINCE, HAITI
RELATIONSHIP ANALYSIS REPORT

| MOISE PLACIDE | Ø1633 | 2/22/84 |
|---|---|---|
| PETITIONER | RECEIPT NUMBER | DATE RECEIVED PETITIONER |

DATE RECEIVED BENEFICIARY: 3/15/84

Antigen identification for the purpose of evaluating kinship has been done for the following people by using 13Ø antisera capable of detecting over 5Ø genetic markers on three HLA loci and three Red Cell systems. The following data were obtained:

| NAME | RELATIONSHIP | HLA PHENOTYPE | RED CELL MARKERS | | LIKELIHOOD* |
|---|---|---|---|---|---|
| MOISE PLACIDE *H137* | Father | A26,A3Ø,B17,B44,C4 | B N | CcDee ✓ | |
| ANTOINE PLACIDE *H185* | Son | A3Ø,A—,B13,B44,C4 | O N | ccDee ✓ | 98.8% |

## COMMENTS

*Likelihood of kinship calculated with haplotype frequencies for the following shared genetic markers:

HLA : A3Ø,B44,C4
Rh  : cDe,cDue,cde
MN  : N
ABO : O

BALTIMORE RH LABORATORY

*Copy*

Robert Wenk, M.D.
Medical Director

cc: Mr. Moise Placide
    533Ø Fifth Street N.W.
    Washington, D.C. 2ØØ11

LIBERTE                    EGALITE                    FRATERNITE

REPUBLIQUE D'HAITI



Extrait des registres des actes de naissance de la commune de Port
au-Prince deposés au bureau des Archives Nationales de la Republiqu

SSS          No  68622

1.50                         1.50   L'AN mil neuf cent quatre vingt un an 178e de l'Indépendance et
jeudi trois Septembre neuf heures du matin Nous Louis Nazaire ident
tifié au no 4084 L ,Officier de l'Etat civil de la commune de Port au
Prince section-nord-Est, soussigné Vu les pièces dans les formes ré
Une gourd        entime glémentaires a nous transmises notamment un jugement d'Adoption ren

enregistré et légalisé en faveur du mineur ANTOINE PREMICE ,par le
tribunal civil de Port-au-Prince en audience publique et en ses at-
tributions civiles le vingt aout mil neuf cent quatre vingt un sur :
quête des époux MOISE PLACIDE la femme née OCIANA JEANTY ayant pou
conseil Mé Emmanuel Blaise avocat de ce barreau dument identifié p
tenté et imposé Certifions avoir inscrit aux registres spécialemen
tenus a cet en conformité de la nouvelle loi sur l'adoption ._____

_____Le dispositif du dit jugement ............................
dont le libellé est ainsi conçu:PAR CES MOTIFS le tribunal aprés e
ment sur les conclusions du ministére public homologue dans toute
forme et teneur pour sortir son plein et entier effet l'acte d'adop
tion du mineur ANTOINE PREMICE ,né a Port-au-Prince le treize juin
mil neuf cent soixante quatorze des Oeuvres naturelles de ANNA PRE
CE ,acte d'adoption reçu le trente et un décembre mil neuf cent soi
te dix neuf par le suppleant juge de paix de la section nord de Por
au-Prince Dit qu'il ya lieu a adoption Dit que l'adopté est autorise
ajouter a ses prénoms et nom le patronyme des adoptants de telle so
que desormais il sera ainsi désigné :ANTOINE PREMICE PLACIDE Ordonne
l'Inscription du dispositif du présent jugement aux registres de l'O
cier de l'Etat civil de la section sud de la Capitale qui a rédigé l
te de naissance de l'adopté le cinq juillet mil neuf cent soixante q
torze et sa mention en marge du dit acte ;fait défenses a tous dépos
taires des registres de l'Etat civil contenant le dit acte d'en déliv
copie,extrait ou expédition Sans la mention de la présente adoption.

_____Ordonne également la transcription du dit dispositif sur le regi
spécial tenu en double a cet effet par l'Officier de l'Etat civil de
section nord-Est de la Capitale Donné de nous Theophile Jean Françoi
doyen du tribunal civil de Port-au-Prince en audience civile et publ
de ce jour vingt aout mil neuf cent quatre vingt un en présence de M

ANNEE          1981

PAGE           49

NUMERO         49

ACTE D'ADOPTION DU MI
NEUR: ANTOINE PREMICE
PLACIDE par les epoux:
MOISE PLACIDE la femme
née OCIANA JEANTY

ANH A 154306

Ulrick Rosarion s�(  )itut du commissaire du gouvernement de ce ressort et avec l'assistance du commis greffier Ascencio Jumelle Il est Ordonné etc...En foi de quoi etc.. Pour expédition conforme et collationnée S)Ascencio Jumelle es-greffier Enregistré a Carrefour le 27-8-81-Légalisée par le doyen le 27-8- 81 Rec no 53k42 AA Avons Opéré et signé la présente inscription conformément a la loi.S) L.NAZAIRE REC 46172 C

Port-au-Prince le 21 avril 1986

FOUR COPIE CONFORME

COLLATIONNEE

JEAN WILFRID BERTRAND

DIRECTEUR GENERAL

M/A/J



<u>Certificate of Translation</u>

      The undersigned affiant, having been duly sworn by an officer authorized to administer oaths, hereby states the following:

      I am proficient in the French and English languages and competent to translate from the French to the English language. The foregoing and within translations from the French to the English are true and correct.

This __22__ day of __July__, 200_2_

_____
H. Glenn Fogle, Jr.

Sworn and subscribed before me

This _22_ day of _July_, 200 ___.

_____
Notary Public

```
┌─────────────────────────────────────┐
│   M.H. ABIGAIL HARDMAN               │
│        NOTARY PUBLIC                 │
│         Fulton County                │
│        State of Georgia              │
│ My Comm. Expires June 2, 2006        │
└─────────────────────────────────────┘
```

Liberty                          Equality                          Brotherhood

[stamp]

## REPUBLIC OF HAITI

Year        1981
Page        49
Number      49

Act of the Adoption of
Minor: ANTOINE PREMICE
PLACIDE by the spouses
MOISE PLACIDE and
Wife born OCIANA JEANTY

ANH A 154306

Excerpt of the register of birth records of the community of Port-au-Prince deposited in the office of National Archives of the Republic
No. 68622
The year one thousand nine-hundred and eighty one, the 178th year of the independence and Thursday third of September 9 o'clock in the morning I, Louis Nazaire identified as number 4084 the Officer of Birth and Death records of the community of Port-au-Prince section northeast, undersigned, viewing the papers in the official and transmitted in particular a judgment of adoption rendered, registered and legalized in favor of the minor ANTOINE PREMICE, by the civil court of Port-au-Prince in public audience and the civil attributions the twentieth of August one thousand nine-hundred and eighty-one under the request of the spouses MOISE PLACIDE and wife born OCIANA JEANTY having consulted Mr. Emmanuel Blaise, lawyer of the bar identified herein duly licensed and certified having inscribed in the registers specially held to be in conformity with the new law of adoption.

The disposition of the judgment . . . . . . which concludes the following: By these Reasons the court after examining the conclusions of the minister of public humanity in all its form and content to leave as its full and whole effect the act adoption of the minor ANTOINE PREMICE, born in Port-au-Prince the thirteenth of June, one thousand nine-hundred and seventy-four by natural means of ANNA PREMICE; the act of adoption received the thirty-first of December, one thousand nine-hundred and seventy-nine by the acting justice of the peace for the north section of Port-au-Prince states that the place of adoption of the adopted is authorized to add the forename and surnames of the adoptants so that the same is now designated ANTOINE PRIMICE PLACIDE Ordered the Inscription of the device of the present judgment at the registers of the Officer of Birth and Death Records of the section south of the Capitale which has recorded the birth certificate of the adopted the fifth of July nineteen hundred and seventy-four and our mention in margin of this act making defenses to all depositories of registers of birth and

death satisfying the said act and deliver copy, extract and exposition without the mention of the present adoption.

Ordered equally the transcription of said device on the special register to hold in double having in this effect by the Officer of birth and death records of the northeast section of the capital given of our Theophile Jean Francois senior of the civil court of Port-au-Prince in audience civil and public this twentieth day of august nineteen eighty one in the presence of Ulrick Rosarion substitute of the commissioner of government and having the assistance of the Clerk Ascencio Jumelle he has ordered for all legal purposes etc.

For expedition conformed and collected S/Ascencio Jumelle cs-clerk Registered at Carrefour the 27-8-81—Legalized by the senior the 27-8-81 Rec. No. 53k42 AA having operated and signed the present inscription in conformity with the law. S/ L. Nazaire Rec 46172 C_____

Port-au-Prince the 21 April 1986

Conformed Certified Copy

Collected

Jean Wilfrid Bertrand, Director General

[National Archives of the Republic of Haiti]—[Stamp]