FILED

JUN - 2 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

In the United States District Court
For the District of Columbia

Antoine Placide,
Petitioner, Pro-Se

v.

Alberto Gonzalez, United
States Attorney General;
Michael Chertoff, Secretary
of the Department of Homeland
Security; Respondents.

Civil Case No.

Motion for Emmergency Stay
of Removal and Immediate
Release

CASE NUMBER 1:05CV01106

JUDGE: Reggie B. Walton

DECK TYPE: Habeas Corpus/2255

DATE STAMP: 06/2/2005

Now Comes Petitioner in the above-captioned cause, and respectfully asks this Honorable Court to order an Emmergency Stay from Removal and his immediate release from I.C.E. Custody because he is a United States Citizen not subject to the U.S. Immigration Law.

In granting this Request this Honorable Court may consider the standard for Injunctive Relief; which is (1) Petitioner must demonstrate a substantial likelihood of success on the merits; (2) that he will suffer irreparable harm absent of the relief requested; (3) that the Respondents

2

May 30th, 2005

Dear Sir/Madam,

Enclosed herewith are (1) Motion for Stay of Deportation and a Petitioner for Habeas Corpus under 28 U.S.C. §2241.

Please act on my motion for Stay of Deportation since I am facing imminent removal to Haiti.

You may want to communicate the Stay order to my Deportation at (504) 599-7815 Ext. 805, and fax a copy to fax # (504) 589-2661

Thanks for your prompt attention to this case.

Respectfully,

*[signature]*

Antoine Placide, # A41 051 926
P.P.D.C.
110 Prison Road, # F
Braithwaite, LA 70040.

<u>PRAYER</u>

FOR THE FOREGOING REASONS AND GOOD CAUSE SHOWN, AND OTHER SUCH GOOD CAUSE NOT MENTIONED, PETITIONER RESPECTFULLY ASKS THIS HONORABLE COURT TO GRANT HIM A STAY OF REMOVAL PENDING THE OUTCOME OF THE CASE, AND FURTHERMORE ORDER HIS IMMEDIATE RELEASE AND FINALLY TO ENJOIN THE CASE.

EXECUTED ON THIS THE 27TH OF MAY 2005.

Respectfully Submitted,

BY: _____
ANTOINE PLACIDE, PRO-SE
P.P.D.C.
110 PRISON ROAD, #F
BRAITHWAITE, LA 70040

will not be harmed if the requested relief is granted; and (4) the public interest supports granting the requested relief. Taylor v. Resolution Trust Corp., 56 F.3d 1497, 1505-06 (D.C. Cir. 1995); Washington Metro Area Transit Comm'n v. Holiday Tours, Inc., 559 F.2d 841 (D.C. Cir. 1977)

In determining whether to grant urgent relief, the Court must "balance the strengths of the requesting party's arguments in each of the four required areas". Cityfed Fin. Corp. v. Office of Thrifts Supervision, 58 F.3d 738, 747 (D.C. Cir. 1995). "If the arguments in one factor are particularly strong, an injunction may issue even if the arguments in other areas are weak."

In this instant case, the Petitioner is a United States citizen and beyond the scope of United States immigration law. Please see exhibits attached to the Habeas Action.

Petitioner has already suffered irreparable harm and would continue to suffer irreparable harm if not released. He has been detained and away from his U.S. citizen wife and U.S. citizen children (3). There is no remedy at law for irreparable harm.

Respondents will not be harmed if the removal order is stayed and Petitioner is released.

Finally public interest supports the grant of the requested relief, by way of protecting Petitioner's constitutional rights.

(2)