UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANTOINE PLACIDE, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | Civil Action No. 05-1106(RBW) |
| | : | |
| ALBERTO GONZALES, <u>et al</u>., | : | |
| | : | |
| Respondents. | : | |

**UNITED STATES' MOTION TO DISMISS PETITIONER'S PETITION FOR
A WRIT OF HABEAS CORPUS AND MOTION FOR EMERGENCY STAY OF
<u>REMOVAL AND IMMEDIATE RELEASE</u>**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves the Court to dismiss the petitioner's petition for writ of habeas corpus and motion for emergency stay of removal and immediate release or, in the alternative, to transfer the petitioner's petition for a writ of habeas corpus, and his motion for emergency stay of removal and immediate release, to the U.S. District Court for the Eastern District of Louisiana. In support of this motion, the United States submits the following:

<u>ARGUMENT</u>

I.  **This Court Should Dismiss the Habeas Petition and the Motion To Stay For Lack of Subject Matter Jurisdiction Pursuant to the Recently Enacted Real ID Act**

The petitioner, an alien detainee, has moved this Court to issue a writ of habeas corpus and to stay his removal from the United States. The petitioner challenges the constitutionality of a removal order issued by the Department of Homeland Security, the proceedings relating thereto and the lawfulness of his removal. This Court should dismiss the petition for writ of habeas corpus and motion for emergency stay of removal and immediate release for lack of subject

1

matter jurisdiction under Section 106 of the REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, § 106(a), 119 Stat. 231 (2005) ["RIDA"] (a copy of the Act is attached as Exhibit A).

On May 11, 2005, the President signed RIDA into law. Section 106(a) of RIDA makes several significant amendments to the Immigration and Nationality Act's jurisdictional statute at 8 U.S.C. § 1252 (2000), to clarify that district courts lack jurisdiction, habeas or otherwise, to review any removal order for any alien, criminal or non-criminal. As a result, § 1252, which the Supreme Court in INS v. St. Cyr, 533 U.S. 289 (2001), found to preclude "judicial review" over criminal aliens' removal orders, but not to preclude "habeas review" in district court, now clearly preludes all review in district court, including habeas corpus review of criminal and non-criminal aliens' removal orders. Specifically, Section 106(a)(2) amended 8 U.S.C. § 1252(b)(9), which now states as follows:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in the judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of title 28, United States Code, or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact."

Id. (emphasis added). Thus, district courts no longer retain habeas jurisdiction to review removal orders under 28 U.S.C. § 2241 or any other provision of law. See 151 Cong. Rec. H2813, 2873, 109th Cong., 1st Sess., available at 2005 WL 1025891 (May 3, 2005) (stating that the amendment to Section 242(b)(9) of the INA is intended to "clarify that, except as otherwise provided in section 242 of the INA, no court is to have jurisdiction for habeas review or other non-direct judicial review of a removal order or questions of law or facts arising from such an order").

In order to make this point absolutely clear, Congress also enacted new Section 242(a)(5) of the INA, 8 U.S.C. § 1252(a)(5), <u>as amended by</u> RIDA § 106(a). This provision, which is entitled "Exclusive Means of Review," states as follows:

> Notwithstanding any other provision of law (statutory or nonstatutory), <u>including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title,</u> and except as provided in subparagraph (D), a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act . . . ."

8 U.S.C. § 1252(a)(5) (emphasis added); <u>see also</u> 8 U.S.C. § 1252(g), <u>as amended by RIDA</u> § 106(a) (making clear that 242(g)'s jurisdictional bar preclude habeas review and any other review in district court). Subparagraph (D), to which § 1252(a)(5) refers, is also a new section created by RIDA which provides that no jurisdiction-precluding statute "shall be construed as precluding review of constitutional claims or questions of law raised in a petition for review filed with the appropriate court of appeals in accordance with this section." 8 U.S.C. § 1252(a)(2)(D). Accordingly, Congress has provided that the <u>only</u> available review over removal orders of aliens is review over "constitutional claims or questions of law" filed through a petition for review in the courts of appeals.[1]

In sum, by enacting Section 106(a) of RIDA, Congress clearly responded to the Supreme

---

[1] Congress enacted this provision in order to allow criminal aliens, who might otherwise be barred from judicial review in the courts of appeals because of the criminal alien review bar at 8 U.S.C. § 1252(a)(2)(C), to obtain review of constitutional claims and questions of law in the courts of appeals, thus providing an adequate judicial review remedy in that forum. 151 Cong. Rec. H2813, 2873 ("Under Section 106 [of RIDA], all aliens who are ordered removed by an immigration judge will be able to appeal to the BIA [Board of Immigration Appeals] and then raise constitutional and legal challenges in the courts of appeals. No alien, not even criminal aliens, will be deprived of judicial review of such claims."); <u>id.</u> (RIDA's amendments "would replace habeas corpus review of specified removal orders with review of constitutional claims and questions of law before the courts of appeals"). The appropriate circuit court is the circuit in which the alien's immigration proceedings were completed. RIDA § 106(c) (citing 8 U.S.C. § 1252(b)(2) and IIRIRA § 309(c)(4)(D)).

Court's decision in St. Cyr by clarifying that district courts lack jurisdiction over removal orders, through habeas corpus or otherwise. 151 Cong. Rec. H2813, 2872-873 (stating that jurisdictional amendments were in response to Supreme Court's decision in St. Cyr by making Congress' intent clear that there is no review in district court over removal orders). At the same time, Congress created an alternative remedy in the courts of appeals that enables all aliens, including criminal aliens, to obtain review of constitutional claims and "questions of law" through petitions for review filed in the courts of appeals. See St. Cyr, 533 U.S. at 314 & n.38 ("Congress could, without raising any constitutional questions, provide an adequate substitute through the courts of appeals"); see also 151 Cong. Rec. H2813, 2873.

Finally, Congress made these amendments effective immediately and applicable to any "final administrative order of removal, deportation, exclusion" that was "issued before, on, or after the date of enactment of this division." RIDA § 106(b). Accordingly, Section 106(a)'s amendments apply to the petitioner's case because he seeks habeas review of his deportation order which was "issued before . . . the date of enactment" of RIDA. Furthermore, because the petitioner filed his habeas petition on May 27, 2005, after the date of RIDA's enactment, it is not subject to transfer to appropriate court of appeals.[2] Cf. RIDA § 106(c) (providing for the transfer of habeas petitions to the courts of appeals if such petitions were pending on the date that RIDA was enacted and challenged the removal order under 28 U.S.C. § 2241). Thus, the petition for writ of habeas corpus and motion to stay should be dismissed for lack of subject

---

[2] A final order of removal order may be challenged only in the court of appeals by filing a petition for review within 30 days of the date of the order. See 8 U.S.C. § 1252(b)(1). The petitioner indicated in his petition that his final removal order was issued in May, 2003. If new facts or claims arise after the filing deadline has passed, an alien's remedy is to file a motion to reopen with the Board of Immigration Appeals.

matter jurisdiction.[3]

## II.    Even if the Court Has Subject Matter Jurisdiction, the Petition Should Be Transferred Because of Lack of Personal Jurisdiction

Even if the Court has subject matter jurisdiction, the Court does not have personal jurisdiction over the proper respondent in this case. The petitioner has styled his pleading as a petition for a writ of habeas corpus, and specifically relies upon 28 U.S.C. § 2241 as the basis for this Court's jurisdiction.  Nevertheless, the petitioner's habeas corpus action and motion for stay cannot be brought in the District of Columbia, because the Court lacks personal jurisdiction over the "person having custody of the person detained" as required by 28 U.S.C. § 2243.  The petitioner is presently confined at the Plaquemines Parish Detention Center in Braithwaite, Louisiana.  Accordingly, if this Court determines that it has subject matter jurisdiction over the petitioner's claims, this Court should transfer the petitioner's petition to the U.S. District Court for the Eastern District of Louisiana, after giving the petitioner notice of the proposed action and an opportunity to be heard on the issue.  See Rumsfeld v. Padilla, 124 S.Ct. 2711, 2713 (2004) (the proper respondent in a federal habeas action challenging present physical custody is the warden of the facility where the petitioner is being held); Stokes v. U.S. Parole Comm'n, 374 F.3d 1235, 1239 (D.C. Cir.) (stating that "a district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction"), cert. denied, 125 S.Ct. 448 (2004); In re Tripati, 836 F.2d 1406, 1407 (D.C. Cir.

---

[3]It is important to note that RIDA § 106 does not preclude habeas corpus review of an alien's challenge to his detention that is independent from any challenge to the removal order. 151 Cong. Rec. H2813, 2873 ("section 106 will not preclude habeas review over challenges to detention that are independent of challenges to removal orders.").  For example, district courts retain habeas jurisdiction over challenges to the mandatory detention statute, see DeMore v. Kim, 538 U.S. 510, 516-17 (2003), and over claims of indefinite detention, see Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

1988)("A habeas petition may be adjudicated only in the district in which [petitioner's] immediate custodian, his warden, is located"); Chatman-Bey v. Thornburgh, 864 F.2d 804, 810-11 (D.C. Cir. 1988)(en banc) (It is well "settled circuit law" that the immediate custodian, not the Attorney General or other federal officials with the power to effectuate petitioner's release, is the only proper respondent in a habeas petition); Guerra v. Meese, 786 F.2d 414, 415-16 (D.C. Cir. 1986)(challenge to "custody" must be brought against petitioner's immediate, on-site custodian, rather than a supervisory official located in another district).[4]  Accordingly, this Court should transfer petitioner's petition to the Eastern District of Louisiana, after giving petitioner notice of the proposed action and an opportunity to be heard on the issue. See Chapman-Bey v. Thornburgh, supra, 864 F.2d at 814 (prior to transfer, court should provide habeas petitioner "with both notice of the District Court's anticipated action and an opportunity to set forth reasons why the case can (and should) properly be heard in this jurisdiction").

Because this Court does not have personal jurisdiction over the petitioner's custodian, it likewise lacks jurisdiction to order that same custodian not to remove the petitioner pending a decision on the merits of the petition. But see Ozoanya v. Reno, 968 F.Supp. 1, 8 (D.D.C. 1997) (stay granted until final resolution of petition in transferee court). Moreover, under Section

---

[4] In Padilla, supra, the Supreme Court declined to resolve the issue of whether the Attorney General is a proper respondent in a habeas petition filed by an alien detained pending deportation, but noted that the majority of circuit courts of appeal have applied the immediate custodian rule and held that the Attorney General is not a proper respondent. 124 S.Ct. at 2718 n. 8. See, e.g., Robledo-Gonzales v. Ashcroft, 342 F.3d 667, 673-74 (7th Cir. 2003) (Attorney General is not a proper respondent); Roman v. Ashcroft, 340 F.3d 314, 323-26 (6th Cir. 2003) (absent extraordinary circumstances, Attorney General is not proper respondent); Vasquez v. Reno, 233 F.3d 688, 696 (1st Cir. 2000) (same), cert. denied, 534 U.S. 816 (2001); Yi v. Maugans, 24 F.3d 500, 508 (3rd Cir. 1994) (Attorney General is not a proper respondent); Ozoanya v. Reno, 968 F.Supp. 1, 8 (D.D.C. 1997) (proper respondent was the district INS director in Louisiana, not the Attorney General); but see Armentero v. INS, 340 F.3d 1058, 1073 (9th Cir. 2003) (Attorney General is proper respondent), opinion withdrawn pending further argument, 382 F.3d 1153 (9th Cir. 2004).

106(a) of the Real ID Act, district courts lack jurisdiction to stay removal orders because review of such orders must be filed in the appropriate court of appeals.  See also, 8 U.S.C. §1252(b)(3)(B) (providing that the only court permitted to issue stay of removal is the court that will issue a "decision on the petition [for review]").

## CONCLUSION

For the above reasons, the petitioner's motion for a writ of habeas corpus and motion for emergency stay of removal and immediate release should be dismissed or, in the alternative, should be transferred to the U.S. District Court for the Eastern District of Louisiana, after giving the petitioner notice of the proposed action and an opportunity to be heard on the issue.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
D.C. Bar Number 451-058

_____
ROBERT D. OKUN
Assistant United States Attorney
Chief, Special Proceedings Section
D.C. Bar Number 457-078

_____
SHERRI L. BERTHRONG
Assistant United States Attorney
Special Proceedings Section
D.C. Bar No. 249-136
Sherri.Berthrong@usdoj.gov
555 4th Street, N.W., Room 10-450
Washington, D.C. 20530
(202) 514-6948

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the instant motion has been served by mail, upon the petitioner, Antoine Placide, A4105-1926, Plaquemines Parish Detention Center, 110 Prison Road, Braithwaite, LA 70040, this 15th day of June, 2005.

_____
Sherri L. Berthrong
Assistant United States Attorney