# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ANTOINE PLACIDE | ) | |
| Petitioner, | ) ) ) | |
| v. | ) | Civil Action No.  05-1106 (RBW) |
| ALBERTO GONZALES, et al., | ) ) ) | |
| Respondents. | ) ) | |

## ORDER

On June 2, 2005, the petitioner filed a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet. Writ") and a Motion for Emergency Stay of Removal and Immediate Release. The Government has now filed a Motion to Dismiss Petitioner's Petition for a Writ of Habeas Corpus and Motion for Emergency Stay of Removal and Immediate Release ("Resp. Mot."). For the reasons set forth below, this Court must deny the petitioner's motion for emergency stay, and grant the respondents' dismissal motion.

### I.   Background

The plaintiff was born in Haiti in 1974, and entered the United States on June 6, 1986. Pet. Writ. at 2. After entering the United States at age nine, the petitioner resided with his father and step-mother, both whom were United States citizens.[1] Id. The petitioner acknowledges that he has been convicted in the United States of three separate criminal offenses, namely, possession of marijuana with the intent to distribute, unauthorized use of a motor vehicle, and

---

[1] According to the plaintiff, his father became a Naturalized United States Citizen on October 11, 1983.

possession of marijuana. Id. at 3-4.  Following each conviction, the petitioner was contacted by the Immigration and Naturalization Service ("INS"), who, according to the petitioner, concluded that he was a United States citizen. Id. at 4.  In fact, on May 9, 2002, the INS detained the petitioner, but later released him after determining that he was a United States citizen. Id. at 5.  On January 29, 2004, the petitioner was arrested for allegedly violating his parole and detained until September 29, 2004. Id.  Upon his release, the INS took custody of and detained the petitioner. Id.  He is currently detained at the Plaquemine Parish Detention Center in Brathwaite, Louisiana, and is scheduled to be removed from the United States pursuant to a final order of removal issued by the Department of Homeland Security in May 2003. Id. at 5, 9.

In his Writ, the petitioner asserts two legal arguments to support his contention that his detention is illegal.  First, the petitioner posits that he is a United States citizen, and has been a citizen since the age of nine. Id. at 9.  Thus, according to the petitioner, the removal order is a violation of the Fourteenth Amendment. Id. at 10.  In addition, the petitioner argues in the alternative that, even assuming he is not a United States citizen, his detention violates the recent Supreme Court decision in Zadvydas v. Davis, 533 U.S. 678, 687 (2001).  In response, the respondents contend that this Court lacks subject matter jurisdiction to review the constitutionality of a removal order issued by the Department of Homeland Security in light of the recently enacted REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, § 106(a), 119 Stat. 231 (2005).  Resp. Mot. at 1-2.  In addition, the respondents note that even if this Court were to conclude that it has subject matter jurisdiction, this case would have to be transferred to the Eastern District of Louisiana because it is without personal jurisdiction over the petitioner's custodian.

## II.  Legal Analysis

The petitioner first argues that the removal order issued by the Department of Homeland Security is illegal because he is a United States citizen and therefore immigration laws and orders do not apply to him.  Pet. Writ at 9-10.  For the reasons that follow, this Court simply lacks subject matter jurisdiction to grant the petitioner's requested relief.

Judicial review of a removal order is governed by 8 U.S.C. § 1252 (2004), as amended by the REAL ID Act.  This statutory provision provides, in part, that a petition for review of a removal order "shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings."  8 U.S.C. § 1252(b)(2); see also 8 U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter").  Thus, this provision makes clear that this Court does not have jurisdiction to entertain the petitioner's challenge to his removal order.  In fact, this statutory provision, as amended by the REAL ID Act, strips district courts of habeas jurisdiction to review such removal orders.  8 U.S.C. § 1252(b)(9) ("Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28, or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order [of removal] or such questions of law or fact.").  Moreover, this statutory provision clearly provides for the review of "nationality claims" by the appropriate United States Circuit Court of Appeal.  8 U.S.C. § 1251(b)(5).

Here, the petitioner's Writ challenges a removal order based upon a claim of nationality.

3

For the foregoing reasons, it is clear that this Court is precluded from reviewing such a claim. According to the petitioner, the immigration judge who completed the proceedings against him was in Atlanta, Georgia. Thus, the United States Court of Appeals for the Eleventh Circuit is the proper court in which the petitioner must pursue this claim.[2]

The petitioner argues in the alternative that even if the final order of removal is proper, his physical detention is illegal under Zadvydas, 533 U.S. at 687. Assuming the petitioner's argument is correct, and he is being illegally detained, it is well-settled that the proper respondent in a habeas action challenging present physical custody is the warden of the facility in which the petitioner is being detained. Rumsfeld v. Padilla, 124 S.Ct. 2711, 2713 (2004). Accordingly, because the petitioner is detained in Louisiana, any such claim must be brought against the petitioner's immediate custodian, who is located within the boundaries of the Eastern District of Louisiana.

Accordingly, it is hereby this 17th day of June, 2005,

**ORDERED** that the petitioner's Motion for Emergency Stay of Removal and Immediate Release is **DENIED.** It is further

**ORDERED** that the respondents' Motion to Dismiss Petitioner's Petition for a Writ of Habeas Corpus and Motion for Emergency Stay of Removal and Immediate Release is **GRANTED**. It is further

**ORDERED** that this case is **DISMISSED.**

---

[2] The Court notes, however, that "a petition for review must be filed not later than 30 days after the date of the final order of removal." 8 U.S.C. § 1252(b)(1). According to the petitioner, his final order of removal was issued in May, 2003. Pet. Writ. at 5. Thus, it is unlikely that the Eleventh Circuit Court of Appeals would even review the petitioner's Writ because it would be untimely filed.

**SO ORDERED**.

                                                  REGGIE B. WALTON
                                                  United States District Judge